STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-18-56

NICHOLAS GLADU,
          Petitioner

**DECISION AND ORDER**

v.

MAINE DEPARTMENT OF
CORRECTIONS,
          Respondent

Nicholas Gladu is an inmate at the Maine State Prison (MSP) who is housed in the Administrative Control Unit (ACU). He sought to bring a grievance utilizing the prison's grievance policy concerning his complaint that he was not receiving a period of "intensive security and programming" while residing in the ACU. His grievance was dismissed by the Grievance Review Officer (GRO) on the basis that "[a] separate appeal procedure exists." Gladu has brought his petition pursuant to M.R.Civ.P. 80C and 5 M.R.S. §§11001 et. seq. (Maine Administrative Procedure Act).

The court has reviewed the Administrative Record, including the following policies promulgated by the Maine Department of Corrections (MDOC); 29.01 *Client Grievance Rights;* 15.5 *Special Management Prisoners*; 23.1 *Classification and Case Management*, and; 23.4 *Classification and Case Management*. The court has also considered the briefs submitted by the parties. The court is satisfied that the GRO correctly dismissed Gladu's grievance.

On May 29, 2018, Gladu submitted a "Prisoner Grievance Form" complaining that he had requested, and been denied, "the intensive programming and education set forth in MDOC Policy 15.5." His grievance was not informally resolved and he pursued the matter to the Grievance Review Officer (Step 1). As noted above, the

GRO dismissed the grievance. The sole issue before the court is whether the GRO abused his discretion or committed an error of law by dismissing Gladu's grievance.

The MDOC Policy providing for a grievance procedure explicitly states: "A prisoner may not file a grievance regarding the following subjects, since there exists separate appellate procedures for these matters: (a) Classification procedures and decisions, including but not limited to, . . . a decision about custody level, a work assignment, participation in an institutional or community-based program . . . ." Policy No. 29.01, Sect. VI, Proc. C (2).

Inmates at the Maine State Prison who are housed in the ACU receive an orientation to the unit and are the subject of an Individualized Case Plan. Policy No. 15.5, Sect. VI, Proc D (2). Prisoners in ACU are to have access to programs and services, including education programs, consistent with safety and administrative feasibility. Policy 15.5, Proc. D (3)(o).

The case management model used at MSP is the subject of Policy No. 23.4, which emphasizes the development, monitoring and review of a prisoner's Individualized Case Plan. Policy 23.4, Sect. VI, Procs. B and C. All of this is part of the classification system and process, with its built-in periodic reviews and appeal process. *See* Policy 32.1. Certain classification decisions, such as custody level and facility transfer, may be appealed to the Director of Classifications. ". . . [A]ll other classification matters may be appealed to the Chief Administrative Officer, or designee, within five (5) working days of receiving the decision . . . ." Policy No. 23.1, Proc I (1).

Accordingly, it is clear that the GRO correctly dismissed Gladu's grievance, which sought to grieve the classification decision pertaining to what programs and services are part of his Individualized Case Plan. The policy governing classification

2

decisions has its own appeal procedure.[1] As such, those decisions cannot be grieved through the prisoner grievance procedure.

## **CONCLUSION**

The entry is:

The Petition for Judicial Review is DENIED.

The Petitioner's Motion for Leave to Take Evidence is Moot.

The Petitioner's Motion to Amend Petition is DENIED.

The Petitioner's Motion to Add Evidence to Record is DENIED.

The Petitioner's Motion to Reset Briefing Schedule is DENIED.

The Clerk is directed to incorporate this Order by reference in the docket of this case in accordance with M.R.Civ.P. 79(a).

DATED: April 1, 2019

William R. Stokes
Justice, Maine Superior Court

---

1. Gladu's Motion for Leave to Take Evidence is moot because the CORIS entry he seeks to present has been supplied to the court by counsel for MDOC. Gladu's Motion to Amend the Petition seeks to add allegations that an MDOC staff member gave him confusing and misleading information as to which, if any, appeal procedure was available to him. Even if this is true, such information does not mean that the matter becomes grievable. Gladu's recourse is to seek changes through the Classification process. Thus, the Motion to Amend Petition will be denied, as will Gladu's Motion to Add Evidence to the Record and his Motion to Reset the Briefing Schedule.